**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EUGENE WESTBROOKS, II,<br><br>    Defendant. | 2:10-cr-00484-GMN-RJJ<br><br>**REPORT & RECOMMENDATION**<br>**OF UNITED STATES**<br>**MAGISTRATE JUDGE**<br><br>Defendant's Motion to Dismiss (#13) |

This matter is before the court on Defendant's Motion to Dismiss (#13). The Court considered the Government's Response (#17), Defendant's Reply (#21) and the testimony and representations of the parties at a hearing held on the mo

### BACKGROUND

Defendant, Westbrooks, was indicted on one count of False Information and Hoaxes in violation of 18 U.S.C. § 1038(a)(1)(A) on September 28, 2010. The alleged illegal conduct contained in the indictment occurred on December 22, 2007. Westbrooks asserts that the delay in bringing the indictment has prejudiced his defense and violated his Fifth Amendment rights. The Government opposes his assertion.

### DISCUSSION

"The Fifth Amendment guarantees that defendants will not be denied due process as a result of excessive pre-indictment delay." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007); *quoting United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir.1989). In most cases, any delay between the commission of a crime and the bringing of an indictment is limited by the statute of limitations. There are circumstances where the Due Process Clause requires

dismissal even if the indictment is brought within the statute of limitations. *Corona-Verbera*, 509 F.3d at 1112.

In order to show that delay within the statute of limitations violates a defendant's due process rights, the defendant must prove actual, non-speculative prejudice from the delay. *United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992). Once actual prejudice has been proven, a defendant must show that the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353-54 (citations omitted). The proof must demonstrate by definite and non-speculative evidence how the loss of a witness or evidence is prejudicial to the defense. *Corona-Verbera*, 509 F.3d at 112.

"Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir.1995). The proof proffered must show that lost testimony, witnesses, or evidence "meaningfully has impaired [the defendant's] ability to defend himself." *Huntley*, 976 F.2d at 1290. Establishing actual prejudice is a heavy burden that is rarely met. *Corona-Verbera*, 509 F.3d at 112.

Here, Westbrooks fails to prove actual prejudice as a result of the delay. Westbrooks claims that actual prejudice exists because the government has failed to preserve certain evidence including several witness statements, and an audiotape of Westbrooks' alleged phone call. Westbrooks also asserts that any witness testimony will be tainted due to the three year delay between the incident and the indictment.

The statute of limitations in this case is five years. 18 U.S.C. § 3282(a). "Protection from lost testimony generally falls solely within the ambit of the statute of limitations." *United States v. Moran*, 759 F.2d 777, 782 (9th Cir. 1985); *United States v. Pallan*, 571 F.2d 497, 501 (9th Cir. 1978), *cert. denied*, 436 U.S. 911 (1978). Here, there is nothing to show that the lack of witness statements or the audiotape will meaningfully impair Westbrooks' ability to defend himself. There is nothing to indicate that any witness has any meaningful loss of memory that will impair Westbrooks' ability to defend himself. For example, in *Sherlock* the Ninth Circuit held that there was no actual prejudice where three years passed between the alleged rape and the indictment, where there was no indication that the victims would have testified differently had

their memories not dimmed, and where the rape kit performed on the victims had been lost. *Sherlock*, 962 F.2d at 1353-55 (holding that other ways of demonstrating defendants' innocence were available and were presented to the jury).

Because Westbrooks has failed to prove actual prejudice, there is no need to consider whether the delay "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Sherlock*, 962 F.2d at 1353-54.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that Defendant's Motion to Dismiss (#13) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this   24th   day of February, 2011.

ROBERT J. JOHNSTON
United States Magistrate Judge