# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:10-cr-00484-GMN-RJJ |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| EUGENE WESTBROOKS, II, | ) | |
| Defendant. | ) | |

Before the Court for consideration is the Report and Recommendation (ECF No. 26) of the Honorable Robert J. Johnston, United States Magistrate Judge, entered February 24, 2011, in which Magistrate Judge Johnston recommended that Defendant Westbrooks' Motion to Dismiss for Pre-Indictment Delay (ECF No. 13) be denied. Defendant Westbrooks filed an Objection on March 14, 2011 (ECF No. 30), to which the Government responded (ECF No. 31).

The Court has conducted a *de novo* review of the record in this case in accordance with 28 U.S.C. § 636(b)(1) and Local Rule IB 3-2(b), and has determined that Magistrate Judge Johnston's Report and Recommendation will be ACCEPTED. Defendant Westbrooks' Motion to Dismiss will therefore be DENIED.

## I.  BACKGROUND

On December 22, 2007, Defendant Westbrooks ("Defendant") allegedly telephoned Southwest Airlines and indicated that a bomb had been placed on Southwest Airlines Flight 1018 from Las Vegas, NV to Hartford, CT. (Indictment, ECF No. 1.) However, Defendant was not indicted for one count of False Information and Hoaxes in violation of 18 U.S.C. § 1038(a)(1)(A) until thirty-three months later on September 28,

2010.  Defendant contends that the nearly three year delay in bringing the indictment has prejudiced his defense and violated his Fifth Amendment rights.  In his Report and Recommendation, Magistrate Judge Johnston rejected Defendant's contention, finding that Defendant had failed to prove actual prejudice as a result of the delay.

## II.    DISCUSSION

The post-indictment delay in this case of thirty-three months is considerable and the Government makes little or no effort to explain the reasons for the lengthy passage of time.  However, the statute of limitations--which in this case is five years, *see* 18 U.S.C. § 3282(a)--generally protects criminal defendants from the effects of excessive delay. *United States v. Doe*, 149 F.3d 945, 948 (9th Cir. 1998).  Nevertheless, in some instances, there can be sufficient delay to violate a defendant's Fifth Amendment right to due process even though the statute of limitations had not expired. *See id.*

Courts in the Ninth Circuit apply a two-prong test to determine whether pre-indictment delay has violated a defendant's due process rights. *Id.*  First, the defendant "must prove that he 'suffered actual, non-speculative prejudice from the delay.'" *Id.* (quoting *United States v. Sherlock*, 962 F.2d 1349, 1353 (9th Cir. 1989)).  The Ninth Circuit "has noted that the burden of showing actual prejudice is heavy and that it is rarely met." *Id.* If, and only if, the defendant makes a showing of actual prejudice, will a court then evaluate the second prong, in which the defendant "must show the delay, when balanced against the prosecution's reasons for it, offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." *Id.* (quoting *Sherlock*, 962 F.2d at 1353-54).

Defendant argues that actual prejudice exists because the case will turn on witnesses' memories of events that occurred three years ago, because the time delay prevented Defendant from locating a tape that may have been made of the telephone call,

and because "there were several individuals listed as witnesses to Mr [sic] Westbrooks [sic] conduct in 2007, however, these witness statements have not been produced," (Objection 2:7-9, ECF No. 30).

Defendant's first argument is that he will be prejudiced because the witnesses in this case will have to rely on their memories of events that took place three years ago. As the Ninth Circuit has explained, "[p]rotection against prejudice from lost testimony, like lost documents and faded memories, generally falls solely within the ambit of the statute of limitations." *United States v. Pallan*, 571 F.2d 497, 501 (9th Cir. 1978) (citations omitted). In any event, "a defendant's proof of prejudice must be definite and not speculative." *Id.* Here, Defendant has failed to provide any proof that the witnesses' memories have dimmed as a result of the pre-indictment delay, but, rather, relies solely on speculation that time has dimmed the prospective witnesses' memories.

At the evidentiary hearing before Magistrate Judge Johnston on January 11, 2011 (ECF No. 25), counsel for Defendant suggested that the delay had caused the Southwest Airlines employee who answered the telephone call from Defendant to indicate in a 2008 statement that Defendant had mentioned a bomb, whereas that employee had made no mention of a bomb in a 2007 statement. However, this attempt to show prejudice fails for two reasons. First, Defendant offered no proof that the employee's story changed as the result of the passage of time, rather than some other factor. Second, the argument is factually inaccurate. Defendant's counsel represented during the hearing at 10:25:02 a.m. that, "in 2007, there's nothing about a bomb; in 2008, there is something about a bomb," however, the employee's 2007 statement does mention a bomb, "[Defendant] then stated that we had not allowed him through [sic] security checkpoint due to unknown reasons and then explained that we had not checked his bags enough and how did we know there was not a bomb in his luggage." (ECF No. 27.) Because Defendant has offered nothing

more than speculation that the pre-indictment delay has caused witnesses' memories to dim or change to the extent that it will cause actual prejudice to him, this argument fails.

Defendant's second argument--that the delay prevented him from procuring a tape recording that may have been made of his telephone call to Southwest Airlines--also fails. At the evidentiary hearing, Defendant's counsel admitted that she did not know if such a recording was ever made, nor did she know for certain that the tape, if it existed, contained information that would be helpful to her client. Further, she failed to explain how the pre-indictment delay--and not some other factor, such as a filing error on the part of Southwest Airlines--was the cause of her inability to locate the tape, if it even existed. Thus, again Defendant's arguments are no more than speculative and cannot provide a basis for a finding of actual prejudice. *See Doe*, 149 F.3d at 949 ("An allegation of prejudice must be supported by non-speculative proof.").

Finally, Defendant argues that the Indictment should be dismissed for pre-indictment delay because the discovery he has received does not contain the witness statements of all of the witnesses on the Government's discovery list. (*See* Mot. to Dismiss 4:11-24, ECF No. 13.) Defendant implies that witness statements existed but have now been lost due to the pre-indictment delay. (*See id.*) However, Defendant has not shown that any witness statements were ever actually recorded let alone that they were later lost. Nor has he shown that the loss, if any, was the result of the delay. Defendant merely points to an omission in discovery and concludes that the omission is necessarily the result of delay on the part of the Government. This argument is unpersuasive and speculative. As such, it cannot support a finding of actual prejudice.

This Court does not condone the unexplained pre-indictment delay in this case. However, Defendant has failed to show that he was actually prejudiced by the Government's pre-indictment delay. Because Defendant has not carried his burden of

proving actual prejudice, the Court need not address the second prong of the analysis.

## **CONCLUSION**

**IT IS THEREFORE ORDERED** that Magistrate Judge Johnston's Report and Recommendation (ECF No. 26) is **ACCEPTED**.  Defendant's Motion to Dismiss (ECF No. 13) is therefore **DENIED**.

DATED this 8th day of April, 2011.

_____

Gloria M. Navarro
United States District Judge